Catherine DIVERS, Plaintiff–
Appellant,

v.

### METROPOLITAN JEWISH HEALTH SYSTEMS and Teresa Cambrini, Defendants–Appellees.*

No. 09–1154–cv.

United States Court of Appeals,
Second Circuit.

June 30, 2010.

Catherine Divers, pro se, Rochester, NY.

Michael J. DiMattia, Philip A. Goldstein, McGuireWoods LLP, New York, NY, for Defendants–Appellees.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges.

*Pro se* plaintiff Catherine Divers, a black, heterosexual female, brought this action against defendants, Metropolitan Jewish Health Systems ("MJHS") and Teresa Cambrini, alleging employment discrimination based on her race and sexual orientation in violation of the Civil Rights Act of 1861, 42 U.S.C. § 1981, denial of medical leave in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and several other violations of state and city law. The District Court granted defendants' motion for summary judgment with respect to Divers' federal claims on January 14, 2008. Divers filed a timely appeal of that order.[2] On appeal, Divers also alleges that she was incompetently represented by her attorney in the proceedings below. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo,* and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Redd v. Wright,* 597 F.3d 532, 535–36 (2d Cir.2010). We analyze discrimination claims using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Having conducted an independent and *de novo* review, we hold, for

substantially the reasons stated by the District Court in its well-reasoned opinion, *see Divers v. Metro. Jewish Health Sys.,* No. 06–CV–6704 (RRM)(JMA), 2009 WL 103703 (E.D.N.Y. Jan. 14, 2009), that Divers failed to establish a *prima facie* case of discrimination with respect to her employment discrimination claim.

Finally, Divers' concerns with respect to the competency of her counsel in the proceedings below are misplaced. It is well settled that the Sixth Amendment right to counsel does not apply in civil cases. *United States v. Coven,* 662 F.2d 162, 176 (2d Cir.1981). Any concerns Divers has regarding her attorney's performance must be raised in a separate malpractice proceeding. *Cf. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys.").

## CONCLUSION

We have considered each of Divers' arguments on appeal and conclude that they are without merit. Accordingly, for the foregoing reasons the judgment of the District Court is **AFFIRMED.**

[2] Because Divers does not challenge the dismissal of her FLMA claim, or the dismissal without prejudice, of her state and city law claims, any argument as to those issues is abandoned. *See, e.g., LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995).